KENG JURAI
1331 Sevier Ave.
Menlo Park, California 94025
Telephone: (669) 236-0699
Email:     juraisitthichok@gmail.com
*Pro Se Plaintiff*

FILED
NOV 14 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| KENG JURAI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC, and,<br><br>WEDRIVEU INC., WEDRIVEU LEASING, WEDRIVEU HOLDING,<br><br>Defendants. | CASE NO. **C24-07984**<br><br>**COMPLAINT FOR EMPLOYMENT DISCRIMINATION, RACIAL AND NATIONAL ORIGIN DISCRIMINATION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Keng Jurai ("Jurai") alleges:

1. Jurai brought this action against Defendants Google LLC ("Google") and WeDriveU for Unlawful Employment Practices, Job Discrimination, Racial and National Origin Discrimination, and Federal Civil Rights Remedies, to compel compliance with Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, 42 U.S.C. §§ 1981-1981a, Executive Order 11246, and 8 U.S.C. § 1324b.

-1-

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. §§ 1331, 1343. Federal question jurisdiction arises pursuant to 42 U.S.C. § 2000e *et seq*, 42 U.S.C. §§ 1981-1981a, Executive Order 11246, and 8 U.S.C. § 1324b. Additionally, it may grant declaratory relief.

3. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District. Venue is also proper in this District because WeDriveU and Google are corporations incorporated under the laws of the State of California and are located in this District.

## PARTIES

4. Jurai is an Asian-Thai and resides in Menlo Park, California. Jurai is a person within the meaning of 42 U.S.C. § 2000e(a) and belongs to an Asian-Thai minority protected class within the meaning of 42 U.S.C. § 2000e-2.

5. Google LLC is a corporation, a Government contractor, Federal Aid Recipient. Google is located in the city of Mountain View, California, and employs approximately over 20,000 employees.

6. WeDriveU Inc., WeDriveU Leasing, WeDriveU Holding, DBA "WeDriveU", a California Stock Corporation, is located in the city of Burlingame, California and the city of San Francisco, California.

7. Google and WeDriveU are persons within the meaning of 42 U.S.C. §

2000e(a) and employers within the meaning of 42 U.S.C. § 2000e(b).

8. WeDriveU provides bus transportation services throughout the United States of America and employs approximately over 501 employees.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Jurai has performed all conditions precedent to initiating this court action in that:

   a. Jurai timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days.

   b. EEOC issued a Right-to-Sue Letter to Jurai on August 21, 2024, informing and advising Jurai to bring a lawsuit in State Courts or Federal Courts, attached hereto as Exhibit B.

10. Jurai timely files this complaint in this Court within 90 days following receipt of the-Right-to-Sue Letter.

## CLAIM FOR RELIEF

11. Jurai alleges that on October 30, 2023, he, an Asian-Thai applicant, was transferred to WeDriveU, a company associated with Google in Mountain View, California, but, despite being qualified for the role, he was left behind and excluded from the transition group, resulting in Google and WeDriveU refused and failed to hire him based on his race and national origin, which violates Title VII, 42 U.S.C. § 2000e-2(a). Jurai, a member of the protected class, has been adversely affected in his pursuit of job opportunities and has been denied his rightful chance at employment.

# CLAIM FOR RELIEF
# FACTUAL ALLEGATIONS

12. Jurai had a California Class B commercial driver's license with Passenger Endorsement. He worked as a professional motorcoach operator for 10 years before the incident alleged in this complaint and is qualified for the bus driver position.

13. From June 15, 2019, to December 29, 2023, Jurai was employed by Hallcon Transportation ("Hallcon") under Google Transportation operations as a bus driver with a fixed route (Loop 41) and a fixed bus (Bus 445).

14. On or about September 20, 2023, Google instructed and ordered Hallcon to transfer all 60 Hallcon drivers with routes to other vendors including WeDriveU. Google promised that when all 60 drivers were transferred to other vendors, drivers with their own fixed routes should have stayed on their same routes no changed.

15. Google requested and instructed WeDriveU to recruit 25 route bus drivers plus 5 spare bus drivers in total of 30 bus drivers.

16. On or about October 5, 2023, Jurai and Hallcon drivers went to meet with an employee of WeDriveU, Ky Lou, at its trailer office in Mountain View, California. Ky Lou ("Lou") instructed Hallcon drivers to sign-up their names on the sheet and went over details about how the transition from Hallcon to WeDriveU under Google transportation is going to work and what to prepare for this process. Lou informed Hallcon drivers, "WeDriveU would reach out and contact Hallcon drivers whose routes transferred to WeDriveU."

17. On or about October 13, 2023, Hallcon announced that 25 routes drivers

including Jurai's route, Loop 41, had been transferred to WeDriveU, detailing drivers' date of hire, hours, route numbers and seniority list.

18. On or about October 14, 2023, Jurai approached Lou at parking lots on Google campus in Mountain View, California. Jurai asked Lou to confirm if Lou had Jurai's name and route loop 41 on Lou's list or not.

19. Lou asked Jurai, "what race and nationality he was." Jurai responded, "he was Asian, born Thai from Thailand." Lou said, "no he did not have Jurai's name and route on Lou's list." Lou said, "Jurai should go to check with Hallcon."

20. Jurai double checked his route with Hallcon and confirmed that Jurai's route loop 41 had been transferred to WeDriveU. Hallcon also informed Jurai that he should follow his route to WeDriveU as other Hallcon drivers did.

21. On or about October 30, 2023, Jurai approached Lou again at Parking lots on Google campus in Mountain View, California. Jurai told Lou that Jurai's route loop 41 was already transferred to WeDriveU. Jurai further asked Lou, "what paper or document Jurai should bring and submit to WeDriveU."

22. Lou still denied and responded, "he did not have Jurai's route so Jurai did not have to submit anything because Lou did not hire a Thai driver, he preferred to hire Chinese drivers, Jurai should apply for another company."

23. Jurai told Lou, "Lou should give the route loop 41 back to Jurai, if so." Jurai also said, "Lou needed to correct his unlawful acts immediately."

24. All 24 Hallcon drivers, except Jurai, were invited for submission-

applications and an interview, followed by a road test and jobs offered.

25. On or about November 7, 2023, Jurai texted Lou again about Lou's unlawful discriminatory acts. Lou responded, "he did not have anything for Jurai."

26. On or about November 13, 2023, it was hurt and emotional when Jurai noticed that Jurai's route Loop 41 was filled by Chinese ethnicity with less seniority and lesser qualifications on the Google campus.

27. Despite Jurai's qualifications with a bachelor's degree and ten years of commercial experience, the bus driver position and route were filled by Chinese ethnicity who were outside the protected class. Google and WeDriveU intentionally treated Jurai differently compared to other candidates who belong to the outside protected class.

28. Google and WeDriveU knowingly refused to hire or failed to hire Jurai for a driver position, not because of Jurai's qualifications in question, but because of his Asian Thai was in question and or his protected characteristics was the reason, resulting in Google and WeDriveU's discriminatory animus.

29. Jurai communicated with an employee of Google, Ross Benson, about Lou's unlawful acts, but Ross Benson failed to respond or take appropriate actions to correct the discrimination that occurred within the Google Transportation team.

30. On information and belief, on or about October 2023 to May 30, 2024, Google and WeDriveU were seeking and hiring new Chinese drivers at or about the time Jurai transferred or applied, did in fact hire new Chinese drivers outside the

protected class into driver positions for which Jurai was qualified and/or qualifiable during the period his application was or should have been active and pending.

31. At all times pertinent hereto, including the present time, Jurai is able and available to work for the Google transportation team and WeDriveU and remains qualified and/or qualifiable for driver positions that are available or were filled with drivers outside the protected group.

32. On information and belief, Google transportation and WeDriveU, since the date of Jurai's application for employment, have continued to seek, interview and hire drivers from among applicants who possess Jurai's qualifications or less.

33. At Google transportation and WeDriveU, Asian-Thai nationals are underrepresented minorities. Jurai was clearly targeted and treated less favorably than similarly situated Chinese candidates outside the protected class.

## CLAIM FOR RELIEF
### Violation of Title VII, 42 U.S.C. § 2000e-2(a)
### Unlawful Employment Practices

34. Jurai re-alleges and incorporates herein by reference paragraphs 1 through paragraph 33.

35. Google and WeDriveU in active concert with, coordinated and willfully engaged, and were/are engaging in a pattern or practice of discrimination in employment against an Asian-Thai by excluding him in the transition group and or refusing to hire Jurai in violation of 42 U.S.C. § 2000e-2(a).

36. The policies and practices of Google and WeDriveU outlined above

constitute a pattern or practice of resistance to the full enjoyment by an Asian Thai of the rights protected by Title VII. Such pattern and practice of Google and WeDriveU includes:

    a) Failing to hire and or refusing to hire an Asian-Thai with a fixed route loop 41 for employment who is qualified for driver positions.

    b) Administering recruitment process in such a manner as to give preferential treatment to Chinese applicants and to exclude and reject an Asian-Thai applicant.

37. Google and WeDriveU failed to follow its established hiring procedures, which resulted in discriminatory operation or practices against Jurai on the basis of his race and national origin, thereby limiting his employment opportunities, terms, conditions, and privileges, in violation of 42 U.S.C. § 2000e-2(a), resulting in Jurai being harmed financially and emotional pain.

38. Google and WeDriveU in active concert deprived or tended to deprive an individual of Asian Thai descent of employment opportunities on the basis of his race and/or national origin in violation of 42 U.S.C. § 2000e-2(a), by using racial and national origin preferences in hiring decisions.

39. The acts, pattern, and practice of Google and WeDriveU described above in paragraphs 1 through paragraph 38 constitute of such a nature, and is so intended as to deny the full exercise by an Asian-Thai applicant of rights secured to him by the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-2(a).

40. Acts and practices of Google and WeDriveU failed to meet the requirements of the Equal Protection Clause, Principle of Equality Law, and Equal Rights Under the law.

### CLAIM FOR RELIEF
### Violation of Executive Order 11246
### Violation of 8 U.S.C. § 1324b

41. On or about March 31, 2022, and continuously up until the present time, Google used the Government Aid recipients under "the Equal Opportunity Clause" to commit unlawful discriminatory acts at its facility in Mountain View, California, against Jurai, an Asian-Thai protected member class, a qualified applicant, in equal employment in violation of Title VII and Executive Order 11246 by refusing to hire Jurai for available positions, which resulted in Jurai's suffering and emotional pain, loss of income, and benefits.

42. On or about June 16, 2022, and continuously up until the present time, Google and WeDriveU have willfully engaged in unlawful discriminatory practices against an Asian-Thai protected group. Specifically, Google has hired less qualified non-U.S. workers instead of qualified U.S. workers from this protected group, violating 8 U.S.C. § 1324b, which resulted in Google's failure to hire an Asian-Thai applicant for available positions. Google's unlawful acts harm Jurai financially, causing suffering, emotional pain and losses of income and benefits.

43. Since at least on or about July 15, 2022, and continuously up until the present time, Google willfully has engaged in unlawful acts at its facility in

Mountain View, California, by placing Jurai on the "blacklist" and refusing to recruit and hire an Asian-Thai applicant for available positions. Google's unlawful discriminatory acts have prevented Jurai's access to equal employment opportunities and resulted in unfair treatment for an Asian-Thai applicant, who was denied job opportunities due to Google's workplace culture and practices.

## DAMAGES

44. As a direct and proximate result of unlawful discriminatory acts of Google and WeDriveU with malicious and oppression, Plaintiff Jurai has suffered grievous harm, including, but not limited to, emotional pain, loss of income, loss of fringe benefits, lack of enjoyment of life, inconvenience, and credit damages.

45. Google and WeDriveU's unlawful acts cause Plaintiff Jurai suffered the following injuries and damages:

   (a) Jurai was denied employment, resulting in lost pay and benefits.

   (b) Although Jurai has diligently sought other employment, he has been unable to find a job at comparable pay and benefits.

46. Pursuant to Title VII, 42 U.S.C. §§ 2000e-5(g), 2000e-6, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a, Jurai brings this action requesting relief.

## PRAYER FOR RELIEF

WHEREFORE, Jurai prays that the Court grant the following relief:

47. An order enjoining Google and WeDriveU, its officers, agents, employees, successors and all persons in active concert or participation with them

having notice or knowledge of such order, from engaging in any racially discriminatory employment practice and specially from:

 a) Refusing to hire and or failing to hire an Asian-Thai applicant for employment who is as qualified as Chinese applicants outside the-protected class for the same positions.

 b) Engaging in any other employment practices which favor Chinese drivers and discriminate against Asian-Thai drivers as to recruiting, hiring, transferring, or disqualifying.

 c) Failing or refusing to take reasonable steps to correct the effects of the past pattern and practice of racial discrimination in employment against Asian-Thai drivers.

48. Require Google and WeDriveU, and its officers, agents, employees, successors and all persons in active concert or participation with it, to provide make-whole relief to Jurai who has suffered loss as a result of the discriminatory operations and practices alleged in this Complaint, including the following relief:

 (a) Back pay and all other appropriate monetary relief in an amount to be determined at trial;

 (b) Interest on the amount of lost wages and benefits determined to be due;

 (c) Compensatory damages for the pain, suffering, and medical expenses caused by the discriminatory conduct alleged in this Complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights-

Act of 1991, 42 U.S.C. § 1981a; and

(d) an offer of employment with retroactive seniority and Punitive damages.

49. Order restraining and enjoining Google and WeDriveU, its officers, agents, employees, successors and all persons in active concert or participation with it, to take appropriate actions to overcome the present effects of past racial discrimination, including adopting hiring procedures that do not result in disparate treatment and/or disparate impact or that otherwise comply with Title VII; and

50. Grant such other and further relief justice may require, together with costs, attorney's fees, and expenses in this action.

## JURY DEMAND

51. Jurai hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

DATED: November 14, 2024.                    Respectfully Submitted,

                                             Keng Jurai
                                             *Pro Se Plaintiff*

# EXHIBIT B

# EEOC-RIGHT-TO-SUE-LETTER

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

San Francisco District Office
450 Golden Gate Avenue 5 West, PO Box 36025
San Francisco, CA 94102
(650) 684-0910
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/21/2024

**To:** Keng Jurai
1331 Sevier Ave
MENLO PARK, CA 94025
Charge No: 550-2024-00466

EEOC Representative and email:    CARLOS ROCHA
Investigator
carlos.rocha@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

*Scott Doughtie*
FOR: Nancy A. Sienko
District Director

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>EEOC<br>FEPA | Agency(ies) Charge No(s):<br>550-2024-00466 |
|---|---|---|

**California Civil Rights Department** and EEOC
*State or local Agency, if any*

| I Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*<br>Keng Jurai | Home Phone<br>415-678-6161 | Year of Birth<br>1974 |
|---|---|---|

Street Address

1331 Sevier Ave

MENLO PARK, CA 94025

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>WeDriveU | No. Employees, Members<br>201 - 500 Employees | Phone No.<br>(650) 645-6800 |
|---|---|---|

Street Address

700 Airport Blvd. #250

BURLINGAME, CA 94010

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON<br><br>National Origin | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest                          Latest<br>10/01/2023                    03/05/2024 |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I was formerly employed with Hallcon as a Driver in the Google campus from 2019 until December 2023. Beginning in October 2023, Hallcon was to transition its Drivers to Respondent, after the Respondent secured a contract with Google for transportation services.

In October 2023, during a conversation in the parking lot with Respondent's Manager Ky Lou, I inquired if my name and route were included in the transition plan. To my surprise, Mr. Lou asked me if I was Thai, to which I replied that I was. He then informed me that he did not have my name on his transition list and advised me to check with Hallcon.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Keng Jurai**<br>03/05/2024<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

Page **1** of 3

EEOC Form 5 (11/09)

| | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | **550-2024-00466** |

<u>California Civil Rights Department</u> and EEOC
*State or local Agency, if any*

I promptly confirmed with Hallcon that employee information, including mine, was transferred to Respondent for the transition. When I informed Mr. Lou that my information was, indeed, transferred, he stated that I was not hired because I was Thai. On or about November 7, 2023, I approached Mr. Lou in an attempt to resolve this discriminatory act but he refused to address it.

I became aware that I was the only driver from Hallcon not hired in this transition, despite 24 other drivers having been integrated to Respondent.

I believe I was discriminated against because of my national origin (Thai), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Keng Jurai**<br>03/05/2024<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

Page 2 of 3